IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Jose J. Vasquez | ) | |
| | ) | Case No. 15-19606 TJC |
| Debtor. | ) | |
| | ) | Chapter 13 |
| Washington Adventist University, | ) | |
| Incorporated | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jose J. Vasquez | ) | |
| Respondent | ) | |

---

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO
PROCEED WITH EVICTION ACTION IN STATE COURT**

Washington Adventist University, Incorporated ("Movant" or "WAU"), the owner of both the ground floor commercial space and the upstairs residential apartment located at 8006 A-B Flower Avenue, Takoma Park, Maryland, 20912, by and through its undersigned counsel, Bouland & Brush, LLC, by H. Dean Bouland, Esq., files this Motion for Relief from the Automatic Stay to Proceed with an Eviction Action in State Court, in support thereof, and states as follows:

1

## BACKGROUND

1. On November 1, 2011, Debtor entered into a five (5) year lease with Joseph P.C. Jan, the prior owner of the property located at 8006 A-B Flower Avenue, Takoma Park, Maryland, 20912. The lease terms included a $3,000 monthly rent for a two-storied premises on the aforementioned property. (See a copy of the first lease, Exhibit "A"). Debtor operated a pizza store on the premises.

2. On May 29, 2012, Joseph P.C. Jan executed an Assignment and Assumption of Lease and Security Deposit to Movant WAU. The Assignment was attached as an exhibit to the Sale Agreement executed on the same date, wherein WAU purchased the subject property from Mr. Jan. (See a copy of the assignment, Exhibit "B")

3. Debtor was duly notified of Movant's status as the owner and landlord in a letter dated June 1, 2012. (Attached as Exhibit "C").

4. On or about April of 2013, Movant was issued a citation from The City of Takoma Park based on Debtor's unauthorized use of the upper floor of the restaurant as a residence without notice to, or consent from, Respondent.

5. In the ensuing months, Movant worked with Takoma Park to obtain proper registration for the second floor that would allow Debtor to remain and use the second floor as a residence. During this period, Debtor continued to occupy the property but failed to pay any rent. (See payment history, Exhibit "D").

6. On July 19, 2013, Respondent WAU informed Debtor that it had successfully registered the upstairs residence and drafted two new leases, one for each unit, with a combined rent equal to the rent in the original lease. As of October 18, 2013, Plaintiff refused to sign

either of the new leases and similarly refused to pay any rent. (See October 18, 2013 letter, Exhibit "E").

7. Based on Debtor's refusal to pay rent and default under the original lease terms, Respondent initiated removal proceedings in Maryland District Court in order to regain possession of the property. Trial was scheduled for December 18, 2013.

8. On December 6, 2013, prior to trial, Movant and Debtor reached an agreement. The following two leases were signed and a Promissory Note was executed for the back rent owed:

   a. Debtor entered into a commercial lease agreement for the ground floor commercial property known as 8006 A-B Flower Avenue, Takoma Park, Maryland 20912 with a monthly rent of $2,000 per month for the first two (2) years. The agreement ran through the original lease term end date of October 31, 2016. (Exhibit "F").

   b. Debtor entered into a residential lease agreement for the upstairs apartment located at 8006 A-B Flower Avenue, Takoma Park, Maryland 20912 with a monthly rent of $1,000 a month for the first two (2) years. This agreement also ran through the original lease term end date of October 31, 2016. (Exhibit "G").

   c. The December 6, 2013 promissory note stipulated Debtor to be $27,000 in arrears on his rent payments and included Debtor's promise to pay three thousand dollars ($3,000) upfront and twenty-four (24) consecutive monthly payments of one-thousand dollars ($1,000) beginning on January 1, 2014 and terminating on December 31, 2015. (Exhibit "H").

9. Upon execution of the aforementioned leases and promissory note, Respondent discontinued the removal action without prejudice. (See Notice of Dismissal, Exhibit "I").

10. In 2014, Debtor made occasional payments to Respondent but fell $21,000 short of the total payments due in the calendar year.

11. Beginning in December, 2014, more than six months prior to Debtor's bankruptcy filing, Debtor stopped making any payments to Movant, thereby defaulting under the terms of both the leases and the promissory note. (See Exhibit "D").

12. Seven months later, on July 9, 2015, Debtor filed his Bankruptcy Petition for Chapter 13 protection.

    a. In said petition, Debtor failed to list the promissory note obligation in schedule "F" (Creditors Holding Unsecured Nonpriority Claims) and omitted both of the December 6, 2013 leases from Schedule "G" (Executory Contracts and Unexpired Leases).

    b. Debtor has been untruthful in his recent filings with this Court when he submitted his Interim Business Reports that rent payments were made for the pizza store on the Ground floor as no such payments were made. (See Exhibit "J").

13. Movant WAU is presently unable to initiate State Court removal proceedings as a result of the commencement of Debtor's Chapter 13 case and the accompanying stay.

## RELIEF REQUESTED

14. Movant seeks relief from the automatic stay to initiate a State Court action to obtain possession of both of the premises and to liquidate, but not enforce, its damages.

4

15. Since December 2014, the debtor has made no efforts whatsoever to pay rent pursuant to either of the two lease agreements.

16. The Debtor's continued residency and occupancy of both leased premises without any payments to the Movant has caused the Movant financial hardship and additional legal fees and costs to file this motion.

17. The Debtor has offered no adequate protection. Sufficient cause exists to lift the automatic stay in order to permit Movant to regain possession of the leased premises.

18. For the reasons stated herein, Movant WAU seeks authority to exercise its state court rights to obtain possession of the leased premises, including by taking appropriate actions to evict Debtor from the leased premises.

WHEREFORE, Movant WAU respectfully requests that this Honorable Court

A. Grant the Motion for Relief from the Automatic Stay to allow the Movant to exercise its state court rights to obtain possession of the Leased Premises; and

B. Allow the Movant to proceed with the Eviction Action in State Court; and

C. Allow the Movant to liquidate but not enforce its damages against the Debtor; and

D. Waive the stay provided for by Federal Rule of Bankruptcy Procedure 4001(a)(3); and

E. Grant such other and further relief as this Court deems appropriate.

Dated: April 27, 2016

Respectfully submitted,

/s/ H. Dean Bouland
H. Dean Bouland, Esq.
Bouland & Brush, LLC
201 N Charles Street
Suite 2400
Baltimore, MD 21201

*Attorney for Movant Washington Adventist University, Incorporated*